## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, | ) | |
| NORTH CENTRAL ILLINOIS LABORERS' | ) | |
|   HEALTH AND WELFARE FUND, | ) | |
| NORTHERN ILLINOIS LABORERS' ANNUITY FUND, | ) | |
| ILLINOIS LABORERS AND CONTRACTORS JOINT | ) | |
|   APPRENTICESHIP & TRAINING TRUST FUND, | ) | |
| MIDWEST REGION FOUNDATION FOR FAIR | ) | |
|   CONTRACTING, | ) | |
| CENTRAL ILLINOIS BUILDERS INDUSTRY | ) | |
|   ADVANCEMENT FUND | ) | |
| CENTRAL ILLINOIS LABORERS-EMPLOYERS | ) | |
|   COOPERATION AND EDUCATION TRUST, | ) | |
| GREAT PLAINS LABORERS' VACATION FUND, | ) | |
| MARKET PROMOTION FUND, | ) | |
| MIDWEST REGION ORGANIZATION COMMITTEE, | ) | |
| and the GREAT PLAINS LABORERS' DISTRICT | ) | |
|   COUNCIL WORKING DUES CHECK OFF FUND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **18 C 6248** |
| v. | ) | |
| | ) | |
| PATH CONSTRUCTION COMPANY, INC. | ) | |
|   an Illinois corporation, and | ) | |
| RICHARD KRAUSE, individually, | ) | |
| | ) | |
| Defendant(s). | ) | |

## COMPLAINT

Plaintiff Central Laborers' Pension Fund, by its attorneys, for its complaint against Defendants

PATH CONSTRUCTION COMPANY, INC. and RICHARD KRAUSE, alleges as follows:

## COUNT I
against
PATH CONSTRUCTION COMPANY, INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions and related amounts*)

1.     This action arises under the Employee Retirement Income Security Act of 1974, as

amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended,

29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2.     Plaintiff Funds are multiemployer pension funds, welfare funds, apprentice funds, labor-management committees, and related funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, certain employers and employer associations.  The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C. § 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3.     Plaintiff and its affiliated benefit funds receive fringe benefit contributions (and dues payments for Union affiliates) from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements.  The right to receive fringe benefit contributions also arises pursuant to participation agreements between Plaintiff and employers.

4.     Plaintiff Central Laborers' Pension Fund is the authorized collection agent for its affiliated benefit funds and Union affiliates with respect to fringe benefit contributions and dues payments.

5.     PATH CONSTRUCTION COMPANY, INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois.  Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).  PATH CONSTRUCTION COMPANY, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6.     PATH CONSTRUCTION COMPANY, INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement

or other collective bargaining agreements. Copies of such collective bargaining agreements (and/or signature pages of such collective bargaining agreements) are attached as *Exhibit A*. PATH CONSTRUCTION COMPANY, INC. has never terminated the collective bargaining agreements and they remain in effect.

7.      By virtue of certain provisions contained in the collective bargaining agreement(s), PATH CONSTRUCTION COMPANY, INC. became a party to and bound by Plaintiff's trust agreement and the trust agreements of Plaintiffs' affiliated benefit funds.

8.      PATH CONSTRUCTION, CO. became a party to and bound by one or more participation agreements with the Plaintiff and its affiliated benefit funds. Copies of such participation agreements are attached as *Exhibit B*. PATH CONSTRUCTION COMPANY, INC. has never terminated the participation agreements and they remain in effect.

9.      By virtue of certain provisions contained in the participation agreement(s), PATH CONSTRUCTION, CO. became a party to and bound by the Plaintiff's trust agreement and the trust agreements of Plaintiffs' affiliated benefit funds.

10.      PATH CONSTRUCTION COMPANY, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to Plaintiff.

11.      PATH CONSTRUCTION COMPANY, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12.     PATH CONSTRUCTION COMPANY, INC. became a party to and bound by the collective bargaining agreements, participation agreements and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to Plaintiff.

13.     Under the terms of the collective bargaining agreements, participation agreements and trust agreements, PATH CONSTRUCTION COMPANY, INC. is required to make fringe benefit contributions and dues payments to Plaintiff and its affiliated benefit funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the hourly rates indicated in the collective bargaining agreement and participation agreements.  Under the terms of the agreements, PATH CONSTRUCTION COMPANY, INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14.     PATH CONSTRUCTION, CO. failed and refused to *timely* pay all contributions and work dues for the following months when due in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements:

| | |
|---|---|
| Liquidated Damages (07/2017, Local 703): | $25,127.30 |
| Liquidated Damages (08/2017, Local 703): | $2,224.88 |
| Liquidated Damages (10/2017, Local 703): | $816.32 |
| Liquidated Damages (12/2017, Local 703): | $1,020.04 |
| Liquidated Damages (02/2018, Local 703): | $1,020.04 |
| Liquidated Damages (03/2018, Local 703): | $1,224.48 |

15.     The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due (or a minimum of $25.00).  ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan,

"the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

16.     Because contributions were not paid when due, PATH CONSTRUCTION COMPANY, INC. incurred 10% penalty assessments (or minimum $25.00 assessments) in accordance with the participation agreements and trust agreements totaling not less than the following:

| | |
|---|---|
| Liquidated Damages (07/2017, Local 703): | $2,512.73 |
| Liquidated Damages (08/2017, Local 703): | $224.49 |
| Liquidated Damages (10/2017, Local 703): | $81.63 |
| Liquidated Damages (12/2017, Local 703): | $102.04 |
| Liquidated Damages (02/2018, Local 703): | $102.04 |
| Liquidated Damages (03/2018, Local 703): | $122.45 |
| **Total:** | **$3,145.38** |

17.     The total amount owed by PATH CONSTRUCTION COMPANY, INC. pursuant to the collective bargaining agreements, participation agreements, and trust agreements is not less than **$3,145.38**.

18.     PATH CONSTRUCTION COMPANY, INC. has failed and refused to pay the amount of $3,145.38 known to be due to Plaintiff.

19.     Plaintiff has been required to employ the undersigned attorneys to identify and pursue collection of the amount due from PATH CONSTRUCTION COMPANY, INC.

20.     ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant." The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to Plaintiff for the cost of an audit and attorney's fees and costs.

21.     ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Enter judgment against PATH CONSTRUCTION COMPANY, INC. in favor of Plaintiff.

B.     Order PATH CONSTRUCTION COMPANY, INC. to pay Plaintiff not less than $3,145.38.

C.     Order PATH CONSTRUCTION COMPANY, INC. to perform and continue to perform all obligations it has undertaken with respect to Plaintiff.

D.     Order PATH CONSTRUCTION COMPANY, INC. to pay interest, costs, and reasonable attorney's fees to Plaintiff pursuant to 29 U.S.C. § 1132(g)(2).

E.     Grant Plaintiff such other and further relief as may be just.

## COUNT  II
### Against RICHARD KRAUSE

1.     This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

2. - 22.     Plaintiffs reallege paragraphs 1 - 21 of Count I.

### Breach of Contract / Trust Agreements

23.     Plaintiffs are advised and believe that RICHARD KRAUSE is the President, Secretary, Chief Executive Officer, and Chief Operating Officer of PATH CONSTRUCTION COMPANY, INC. and is in control of the corporation.  Further, Plaintiffs are advised and believe that RICHARD KRAUSE is a director of PATH CONSTRUCTION COMPANY, INC.

*6*

24. Pursuant to the agreements to which agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiffs as a result of such conduct.

25. Pursuant to the trust agreements establishing the Plaintiff Funds, to which PATH CONSTRUCTION COMPANY, INC. and RICHARD KRAUSE agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiffs as a result of such conduct.

26. Plaintiffs are informed and believe that RICHARD KRAUSE did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the agreements, making RICHARD KRAUSE personally liable for the money owed to the Plaintiffs by PATH CONSTRUCTION COMPANY, INC.

<u>Piercing the Corporate Veil</u>

27. There is a unity of interest and ownership between PATH CONSTRUCTION COMPANY, INC. and RICHARD KRAUSE such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making RICHARD KRAUSE personally liable for the money owed to the Plaintiff Funds by PATH CONSTRUCTION COMPANY, INC.

<u>Alter Ego and/or Single Employer</u>

28. Upon information and belief, and at all times material to this complaint, PATH CONSTRUCTION COMPANY, INC. and RICHARD KRAUSE have been affiliated and intertwined

business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

29.     Based on their nature and activities as alleged the preceding two paragraphs, PATH CONSTRUCTION COMPANY, INC. and RICHARD KRAUSE constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer.  RICHARD KRAUSE is therefore bound by the terms of the Memorandum of Agreement and the trust agreements, making him personally liable for the money owed to the Plaintiff Funds by PATH CONSTRUCTION COMPANY, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against RICHARD KRAUSE in favor of Plaintiffs.

B.     Order RICHARD KRAUSE to pay Plaintiffs $3,145.38, plus any additional amount shown to be due.

C.     Order RICHARD KRAUSE to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

D.     Grant Plaintiffs such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND, *et al.*

By:    /s/ *Richard A. Toth*
       One of their attorneys

DALEY AND GEORGES, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

08/21/2012 TUE 14:13  FAX 8159325520 Local 751 --- CL                    @003/004

14854

This Agreement is for the Bridge Deck Sealing to be done in
Kankakee County at various locations. This is for IDOT #60B41.
This Agreement will expire upon completion of the project.

**WAGE INCREASES:**

EFFECTIVE: MAY 1, 2013 $1.75 increase per hour total package to $55.69.
EFFECTIVE: MAY 1, 2014 $1.75 increase per hour total package to $57.44.

**AGC OF ILLINOIS:**

By: _____
    Joe Cowley, Negotiating Committee

By: _____
    Rusty Tobey, Negotiating Committee

By: _____
    Frank Kazenske, Director of Labor Relations

**GREAT PLAINS LABORERS' DISTRICT COUNCIL:**

By: _____
    Charlie Shempf, Business Manager

By: _____
    Michael Smith, Laborers Local #751

_____
Contractor's Signature

PATH CONSTRUCTION CO
Contractor's Name

3550 SALTCREEK IN, Suite 116
Contractor's Address

ARLINGTON HEIGHT  IL        60005
City                State      Zip

847 342 1188               8-21-12
Telephone Number           Date

847-342 1187
Facsimile Number

39

SCANNED
DATE _____

RECEIVED
AUG 28 2012

EXHIBIT
A

:08/2P/2012 TUE 14:13  FAX 8159325520 Local 751 ---- CL                    ☑004/004

847-342-1188          8-21-12
_____     _____
Telephone Number          Date

847  342  1187
_____
Facsimile Number

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially binds said parties under the provisions of the Agreement.

SIGNED this _____ day of _____ 2010, at Rockford, Illinois.

_____    _____4/25/.._____
Glen Turnoff                          Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

_____    ____4-28-10____
Frank E. Hovar                        Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

Name: _____

Address: ____3550  SALT CREEK LN_____

Address: ___ARLINGTON  Heights IL  60005___

Signature: _____

Date: ____4-11-13____



RECEIVED
MAY 2 2 2013

-25-

# GREAT PLAINS LABORERS' DISTRICT COUNCIL

## AFFILIATED WITH

### LABORERS' INTERNATIONAL UNION OF NORTH AMERICA

## AFL-CIO

4208 W. Partridge Way, Unit #2, Peoria, IL 61615

## MEMORANDUM OF AGREEMENT

THIS AGREEMENT is entered into by and between the undersigned, herein called the "EMPLOYER" and the GREAT PLAINS LABORERS' DISTRICT COUNCIL, herein called the "UNION", representing and encompassing Local Unions Nos. 32, 43, 165, 177, 205, 231, 309, 340, 363, 362, 393, 538, 555, 620, 727, 751, 996, and 1140 together with any other locals which may come within the jurisdiction of the UNION.

1.     The EMPLOYER hereby recognizes the UNION as the sole and exclusive bargaining representative for all laborers employed by the EMPLOYER in the geographical areas encompassed by the above listed local unions with respect to rates of pay, wages, hours of employment, and other terms and conditions of employment.

2.     The EMPLOYER herein adopts all of those Collective Bargaining Agreements between the UNION and the NORTHERN ILLINOIS BUILDING CONTRACTORS ASSOCIATION, NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, ILLINOIS VALLEY CONTRACTORS ASSOCIATION, WESTERN ILLINOIS CONTRACTORS ASSOCIATION, GREATER PEORIA CONTRACTORS AND SUPPLIERS ASSOCIATION, INC., BUILDERS ASSOCIATION OF TAZEWELL COUNTY, INC., HIGHWAY AND HEAVY CONSTRUCTION CONTRACTORS ASSOCIATION OF TAZEWELL AND FULTON COUNTIES, QUAD-CITY BUILDERS ASSOCIATION, INC., THE ASSOCIATED CONTRACTORS OF THE QUAD CITIES, THE ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS, CENTRAL ILLINOIS BUILDERS OF A.G.C., McLEAN COUNTY CONTRACTORS GROUP, KANKAKEE AREA CONTRACTORS ASSOCIATION, INC., HEAVY HIGHWAY CONTRACTORS ASSOCIATION, AGC OF IOWA, and all other employer associations with whom the UNION or any of its affiliated locals has a duly negotiated and executed bargaining agreement, and adopts all such agreements together with all amendments thereto.

3.     The EMPLOYER agrees that where work is performed in the jurisdiction of any of the above listed locals, the EMPLOYER will be bound by the terms and conditions of the Collective Bargaining Agreement then in effect within that jurisdictional area. In the event that there is a conflict between this Agreement and the agreement of any local union in which the EMPLOYER may be performing work, the EMPLOYER agrees that the prevailing local agreement shall supersede this Agreement so far as it respects rates of pay, wages, hours of employment and other terms and conditions of employment. Nothing herein shall be construed as limiting the jurisdiction of the UNION and the EMPLOYER specifically agrees that such jurisdiction is continuous with that of the aforementioned locals.

4. The EMPLOYER agrees to pay the amounts which the EMPLOYER is bound to pay under the Collective Bargaining Agreements to the CENTRAL LABORERS' PENSION FUND, to the NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, to the ILLINOIS LABORERS' AND CONTRACTORS' TRAINING TRUST FUND, to the LABORERS' LOCAL 231 HEALTH AND WELFARE FUND, to the LABORERS' LOCAL 231 PENSION FUND, to the NORTHERN ILLINOIS AND IOWA LABORERS' HEALTH AND WELFARE TRUST, to the CENTRAL LABORERS' ANNUITY FUND, to the

NORTHERN ILLINOIS ANNUITY FUND, to the GREAT PLAINS LABORERS' ANNUITY FUND, to the LABORERS' LOCAL 231 ANNUITY FUND, to the LABORERS' OF ILLINOIS VACATION FUND, to the NORTH CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL LABORERS-EMPLOYERS COOPERATION AND EDUCATION TRUST, to the MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, to the MIDWEST REGION ORGANIZING COMMITTEE, to the LABORERS' POLITICAL LEAGUE, and any other BENEFIT FUND which may hereafter be created or established pursuant to any of the forgoing COLLECTIVE BARGAINING AGREEMENTS (FRINGE BENEFIT FUNDS), and to be bound by and be considered a party to the Agreements and Declaration of Trust creating said Trust Funds as if EMPLOYER had signed and received the original copies of the Trust instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declarations of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the trust instruments.

The EMPLOYER further affirms and reestablishes that all prior contributions paid to the FRINGE BENEFIT FUNDS were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions, the EMPLOYER evidenced the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made and acknowledges the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements as required by Section 302 of the Labor-Management Relations Act. The EMPLOYER further agrees to be bound by all terms and conditions of the Trust Agreements including all requirements of audit, delinquency payments, costs, accountants' fees and attorney's fees where applicable. Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Fringe Benefit Funds by the EMPLOYER and where such audit discloses a willful violation of any of the requirements of the Trust Agreements, the officers and directors of the EMPLOYER, if a corporation, or the owner or partners of the EMPLOYER, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fringe Benefit Fund as a result of such conduct.

5.    Nothing in this Agreement shall be construed to change the scope or type of work traditionally performed by laborers. The EMPLOYER agrees not to contract or subcontract any work to be done at the site of construction, alteration, painting or repair of a building, structure, or other work, except to a person, firm or corporation party to an appropriate Collective Bargaining Agreement with the appropriate local and with the UNION. If an EMPLOYER, bound by this Agreement, contracts or subcontracts any work covered by this Agreement to be done at the job site of the construction, alteration, or repair of a building, structure or other work to any person or proprietor who is not a signatory to this Agreement, and an appropriate local bargaining agreement, the EMPLOYER shall require such subcontractor to be bound to all the provisions of this agreement and the local bargaining agreement, or such EMPLOYER shall maintain daily records of the subcontractors' employees job site hours and be liable for payment of these employees' wages, travel, health and welfare, pension, annuity, vacation, labor management and training fund contributions in accordance with this Agreement.

6.    In the event of any change in the ownership, management, or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change, it shall be provided in the instrument effecting the change that a new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

-2-



May 07 13 08:21a    LABORERS LOCAL 727                    1-815-284-1318            p.9

#14854                                                    #164

7.    The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8.    This Agreement shall remain in full force and effect through April 30, 2015, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.    The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this __7__ day of _may_, 20_13_.

ACCEPTED:

LABORERS' LOCAL UNION NO. _727_

_K ___ilrl_
(Business Manager)


GREAT PLAINS LABORERS'
DISTRICT COUNCIL

_Chris M Silvy_
(Business Manager)

HEAVY HIGHWAY

_PATH CONSTRUCTION Co_
(Contractor Name)

_M ___
(Signature)

_MIKE CASH    SPM_
(Name & Title)

_3550 SALT CREEK LN SUITE 116_
(Address)

_ARLINGTON HEIGHTS IL 60005_
(City, State & Zip Code)

_847-398-7100_
(Telephone Number)

_- 7101_
(Facsimile Number)

██████████████
(Federal Employer Identification Number)


RECEIVED
MAY 22 2013

-3-

May 14 13 09:51a          LABORERS LOCAL 727                          1-815-284-1318                    p.7

Laborers' Locals 32 & 727
Heavy/Highway Wage Addendum
Effective May 1, 2013

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. MAKE ONE CHECK.

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, P.O. Box 9090, Peoria, Illinois 61612-9090. MAKE ONE CHECK.

SIGNED this _14th_ _____ day of _MAY_____ , 2013 at Rockford, Illinois.

FOR THE CONTRACTORS:

_____          4.12.13
Glen L. Turpoff                               Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

_____          4-11-13
Charlie Shampf                                Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

NAME:      _PATH CONSTRUCTION_

ADDRESS:   _3550 SAIT CREEK LN STE 116_

ADDRESS:   _ARLINGTON HEIGHTS, IL 60005_

SIGNATURE: _____

DATE:      _5-14-13_



LOCAL UNION NO. 32                        LOCAL UNION NO. 727
Dominic Castanza, Business Manager        Ken Diehl, Business Manager
4477 Linden Rd., Suite E                  768 Bloody Gulch Road
Rockford, Illinois 61109                  Dixon, Illinois 61021
Phone: (815) 873-8875                     Phone: (815) 284-2049
Fax: (815) 873-8972                       Fax (815) 284-1318

-30-

RECEIVED
MAY 2 2 2013

AUG-26-2014 TUE 07:22 AM LABOR LOCAL #703          FAX NO. 217 384 2122          P. 02/03

14854

extensions or changes in this Agreement agreed between the Union and the Association, and further agree to be bound by the terms and conditions of all subsequent contracts negotiated between the Union and the Association, unless ninety (90) days prior to the expiration of this or any subsequent agreement, the non-member contractor notifies the Union in writing that it revokes such authorization. Further, said non-member contractor agrees that notice served by the Union upon said Association and Mediation Service for reopening and termination or commencement of negotiations shall constitute notice upon and covering the nonmember contractors signatory hereto.

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially bind said parties under the provision of this Agreement.

SIGNED THIS 29th day of April, 2013.

FOR THE UNION:

SOUTHERN & CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL

CLINT D. TAYLOR
BUSINESS MANAGER

DATE: 4-29-13

FOR THE EMPLOYERS:

CENTRAL ILLINOIS BUILDERS OF AGC

DENNIS LARSON
EXECUTIVE VICE PRESIDENT

DATE: 4/29/13

42

By signing this Memorandum of Agreement which has been negotiated by and between the Central Illinois Builders of AGC and The Laborers' International Union of North America, The Southern and Central Illinois Laborers' District Council, Laborers' Local 159 (District), Laborers' Local 477 (Springfield) and Laborers' Local 703 (Urbana), the undersigned Employer agrees to abide by all the Articles, stipulations and fringe benefits contained herein throughout the Counties covered by Laborers' Local 159, Laborers' Local 477 and Laborers' Local 703.

FOR THE COMPANY:

Company Name: PETRA CONSTRUCTION COMPANY

Company Address: 2500 WISE CREEK DRIVE #1116

City, State, Zip Code: URBANA, IL

Fax Number: (847) 398-1101

Telephone Number: (847) 398-7100

Email Address: SIGA@PETRAC.COM

Signed By: [signature]

Date: 4/25/14

Printed Name and Title: RICHARD KRAUSE PRESIDENT

FOR THE UNION:

The [illegible] of Central Illinois Laborers' District Council:

Clint D. Taylor, Business Manager

Witnessing Union Agent and Title

Date: 8-25-14

Title: Business Manager

43

RECEIVED
AUG 26 2014

May 07 13 06:19a    LABORERS LOCAL 727          1-815-284-1318      p.6

#14854                                    #/64

## HEAVY HIGHWAY
## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between **PATH CONSTRUCTION CO. INC** (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans contemplated by the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| $8.84 | per hour to Central Laborers' Pension Fund | $0.32 | per hour to Industry Advancement Fund |
| $8.24 | per hour to NCIL H&W Welfare Fund | 4.5% + $0.35 | Working Dues (% or cents per hour) |
| $4.00 | per hour to NIAF Annuity Fund | $0.14 | LEDET |
| $0.80 | per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | $3.00 | Vacation |
| $0.10 | LIRFPC | $0.04 | Other MARKET PROMOTION (DEDUCT) |
| | | $0.25 | Other ORGANIZING (DEDUCT) |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreement and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 18th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $20.00 minimum per remittance, to defer the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**                                    **CENTRAL LABORERS' FUNDS**

PATH CONSTRUCTION Co. INC

Name of Business                               Authorized Signature

3550 SALT CREEK LN. SUITE 116                  Executive Director

Address                                        Title

ARLINGTON HIGHTS, IL 60005

City/State/Zip Code                            **UNION**        727

847-398-7100

Telephone                                      Territory in which Agreement signed: Local

MIKE CASH                                      Authorized Signature

Authorized Signature    PROJECT MANAGER        **BUSINESS MANAGER**

Title  PROJECT MANAGER                         Title

5-7-13                                         May 8, 2013

Date                                           Date

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box
Pink copy: Employer
Yellow copy: District Council or Local Union

RECEIVED
MAY 2 2 2013

EXHIBIT
B

AUG-26-2014 TUE 07:21 AM LABOR LOCAL #703     FAX NO. 217 384 2122     P. 01/03

B/59

14854

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between **PATH CONSTRUCTION COMPANY** (Employer) and the Central Laborers' Pension Fund, the Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, as all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| 11.02 | per hour to Central Laborers' Pension Fund | .15 | per hour to Industry Advancement Fund |
| 6.30 | per hour to *Central Laborers* Welfare Fund | 2.15 | Working Dues (% or cents per hour) |
| .72 | per hour to *Central Laborers* Annuity Fund | 25 | LECET |
| .80 | per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | 2.50 | Vacation |
| .10 | MRFFC | 30 | Other *Legal* |
| | | | Other |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to defer the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

**NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.**

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| PATH CONSTRUCTION COMPANY | |
| Name of Business | Authorized Signature |
| 3550 W SALT CREEK LANE #110 | Executive Director |
| Address | Title |
| ARLINGTON HEIGHTS, IL 60005 | UNION |
| City/State/Zip Code | |
| (847) 398-7100 | Territory in which Agreement signed: Local 703 |
| Telephone | |
| | Authorized Signature |
| Authorized Signature | Business Manager |
| PRESIDENT | Title |
| Title | |
| 8/15/14 | 8/15/14 |
| Date | Date |

RECEIVED AUG 2 6 2014

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

(Rev. 2/10)